## UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

JONATHAN CLARK et al.,

    Plaintiffs - Appellants,

v.

CITY OF SHAWNEE, KANSAS,

    Defendant - Appellee.

Case No. 17-3046

## REPLY IN SUPPORT OF
## APPELLEE'S MOTION FOR EXTENSION OF DEADLINE

The City of Shawnee, Kansas ("the City") submits this Reply in Support of its Motion for Extension of Deadline.

## I.    ANALYSIS

The Clarks make four points in their Response: (1) the Clerk's March 8, 2017 letter is the functional equivalent of an order of the Court indicating that 10th Cir. R. 27.3(C) will not stay the briefing schedule in this case, (2) a prudent litigant should err on the side of caution, (3) because this Court denied the Clarks' motion to exceed the brief size limit, the Clarks submitted a subpar brief, and (4) if litigation is being funded by an insurer, no meaningful interests are served in allowing a dispositive motion to be ruled on before briefing goes forward. Not one of these four points supports the denial of the City's Motion for Extension of Deadline.

{O0334745}

**A.**    **The Clerk's March 8, 2017 letter is not the functional equivalent of an order of the Court indicating that 10th Cir. R. 27.3(C) will not stay the briefing schedule in this case.**

The Clarks argue, "if there was [sic] an automatic extension, the Clerk's letter put Appellants on reasonable notice that any such extension would no longer be applicable." First, there is no doubt as to whether or not there is an automatic stay of the briefing schedule upon the filing of a motion to dismiss, as 10th Cir. R. 27.3(C) explicitly states that there is such an automatic stay. Second, the Clarks may have reasonably interpreted the Clerk's letter as a decision to both move forward with briefing and delay ruling on the City's Motion to Dismiss until after briefing. But the City's position is that 10th Cir. R. 27.3(C) requires an order of the Court that states that 10th Cir. R. 27.3(C)'s automatic stay of the briefing schedule will not apply in this case.

The City does not contest the authority of the Clerk to enter such an order on behalf of the Court, but the City does not believe that a letter can take the place of an order. The language of 10th Cir. R. 27.3(C) is clear: an order must be entered to lift the automatic stay. No such order has been entered.

**B.**    **The City is trying to err on the side of caution by proactively bringing this to the Court's attention, rather than reactively dealing with it in motions after the deadline passes.**

The Clarks make no real argument in this point. They merely point out that if they had ignored the letter from the Clerk and waited for the Court to address the

2

{O0334745}

City's Motion to Dismiss, the possible sanctions for missing their briefing deadline could be great. This goes without saying, but it has nothing to do with the City's Motion for Extension. Indeed, the City pointed out that if the City's Motion for Extension is granted, it would be proper to allow the Clarks a new timeline to submit their brief. This bears more heavily on the Clarks' next argument.

The thrust of the Clarks' point is that litigants should err on the side of caution. The City agrees that such advice is axiomatic, which is why the City is attempting to proactively bring this to the Court's attention and resolve the issue before it creates a serious problem.

C.      **Granting the City's Motion for Extension best serves all litigants in this case, as the Clarks' concern with the quality of their brief is alleviated if the Court grants the motion.**

In their third argument, the Clarks (1) claim that the City's explanation of its request for additional time misses the mark, and (2) bemoan the quality of their own brief. Regarding the former, the Clarks argue that the City's explanation "is simply making a distinction without a difference." But the City's explanation, which the Clarks quoted, explains that while *extensions* of time to file briefs are disfavored, the City is not asking for *additional* time, but rather a clarification that one of this Court's local rules *has* automatically stayed the briefing schedule, as the rule clearly states. Accordingly, the City is asking for a clarification of the effect of a rule, not for some number of additional days to submit its brief.

{O0334745}

As far as the Clarks' complaint about their own brief goes, it appears the Clarks were so convinced that their Motion to Exceed Length—in which they requested their length be more than four and a half times the length allowed by the federal rules—would be granted, they went ahead and drafted most of a brief that would have been close to 60,000 words. But their Motion to Exceed Length was denied immediately after it was filed, which was two weeks before the Clarks filed their opening brief. The Clarks suggest in their Response that those two weeks were not enough time to avoid "stir[ring] in many grammatical errors" and also that the shorter length caused them to have to cut issues out of their brief.

If the Clarks were convinced that their Motion to Exceed Word Count would be granted, it is possible that they struggled to cut a brief down to 13,000 words in two weeks. But having to cut out issues seems to have nothing to do with the briefing schedule and everything to do with simply not having room to raise however many more issues they intended to raise. For what it is worth, the City reads the Clarks' opening brief as already containing ten distinct issues.

The Clarks allege that they made these hasty revisions out of determination to "avoid filing any disfavored motions." This is an odd stance to take when complaining about the denial of a motion to exceed word count, as this Court's local rules explicitly state that such motions are disfavored.[1]

---

[1] 10th Cir. R. 28.3.

Luckily, there is a clear solution to this problem. If this Court grants the City's Motion for Extension, then the Clarks can use the new briefing schedule to properly revise their brief, remove the many grammatical errors, and include whatever additional issues they feel that time kept them from including. Further, the Clarks' brief is necessarily devoid of citations to the record, as the District of Kansas has not yet submitted the record on appeal. Granting the City's Motion for Extension would allow the Clarks to resolve this glaring deficiency and bring their brief into compliance with the Federal Rules of Appellate Procedure and this Court's local rules. This shows that granting the City's motion would not only *not cause any prejudice*, it would actually *cure prejudice* that the Clarks claim to have already suffered.

> **D.**     **The source of the funding of the lawsuit does not change the fact that it is best to allow the resolution of a dispositive motion before the parties complete their briefs.**

Finally, the Clarks raise their "most important" argument, which appears to be the allegation that when an insurer undertakes defense of a lawsuit, incurring unnecessary litigation expense is no longer a concern. The Clarks urge that the City's Motion for Extension is frivolous, because "it would be inconceivable that the insurance company's legal work would be placed on hold, or insubstantial, pending approval of the City to expend additional resources on legal work after the City had already relinquished control over litigation to the insurance carrier." It is

{O0334745}

unclear to the City exactly what the Clarks mean by this. But the Clarks do not suggest in any way that (1) resolution of a dispositive motion would not avoid unnecessary litigation expense, (2) such an avoidance is a laudable goal in any litigation, or (3) that resolution of the City's Motion to Dismiss might leave any portion of the appeal unresolved. The failure to suggest any of these leaves the Clarks' argument to appear to be nothing more than an anti-insurance sentiment that is devoid of any good cause to deny the City's Motion for Extension.

## II.    CONCLUSION

Because it would best serve the interests of both the City *and* the Clarks, the City requests that this Court grant its Motion for Extension of Deadline.

Respectfully submitted,
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.

/s/ Christopher B. Nelson
Michael K. Seck, #11393
Christopher B. Nelson, #25548
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas  66210
(913) 339-6757 / Fax: (913) 339-6187
mseck@fisherpatterson.com
cnelson@fisherpatterson.com
*Attorneys for Defendant City of Shawnee, KS*

{O0334745}

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that all required privacy redactions have been made.

I further certify that any required hard paper copies are exact copies of the ECF filed reply.

I further certify that the ECF submission was scanned for viruses with the most recent version of virus scanning program, Trend Micro Security Agent, version 13.351.00, last updated 4/20/2017, and the digital version of the reply in Portable Document Format is virus free.

/s/ Christopher B. Nelson

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2017, the foregoing document was filed electronically with the Clerk of the United States Court of Appeals for the Tenth Circuit by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail, postage prepaid, to the following:

Jonathan Clark                                Eric S. Clark
6800 Maurer Road                         1430 Dane Ave.
Shawnee, Kansas  66217              Williamsburg, KS  66095
jrjonclark@gmail.com                   eric@whitestonepublishing.org

*Pro se Plaintiffs*

/s/ Christopher B. Nelson

{O0334745}