# United States Court of Appeals
# for the Tenth Circuit

## No. 17-3046

**ERIC S. CLARK, JONATHAN CLARK**

Plaintiffs-Appellants

v.

**CITY OF SHAWNEE, KANSAS**

Defendant-Appellee

### REPLY TO APPELLEE'S RESPONSE IN OPPOSITION TO APPELLANTS' MOTION TO CERTIFY QUESTION OF STATE LAW [DKT. 01019803210]

Appellee's response in opposition to Appellants' motion to certify question of state law [Dk. 01019803210] ("Appellee's response"), in addressing whether or not to certify a question of state law concerning the preemption statute K.S.A. 12-16,124, raises two primary claims: **1)** that K.S.A. 12-16,124 is "settled law" (See "Appellee's response", p. 5) and that; **2)** the questions suggested for certification "are unquestionably irrelevant to this case" (See "Appellee's response", p. 4).

1

**ISSUE 1: "settled law"**

Appellee began its analysis by stating that "[t]he district court made clear that the Clarks' preemption argument was wholly baseless." But this Appellate Court owes no deference to district court interpretation of a State law (findings of law) or to whether certification is appropriate. (See *Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982, 1001-02 (10th Cir. 2005); *Copier v. Smith & Wesson Corp.*, 138 F.3d 833, 838-40 (10th Cir. 1998)) And this Appellate Court owes substantial deference to the state court's interpretation of state law. "The law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are *bound to take judicial notice*, without plea or proof." *Lamar v. Micou*, 114 U.S. 218, 223 (1885) (emphasis added).

Appellee claimed that K.S.A. 12-16,124 is "settled law" (See Appellee's response, p. 5) and yet, <u>Appellee pointed to no controlling precedent</u> by the Kansas Supreme Court or state appellate courts interpreting that preemption statute (K.S.A. 12-16,124), apparently relying on the argument that "it cannot be reasonably said that Kansas law is unclear

2

as to whether state law preempted Shawnee City Ordinance § 9.13.040". That simply comes full circle to the fact that the district court relied on its own interpretation, and that that interpretation failed to heed the conclusion of the State's Attorney General that it would be necessary to analyze a conflict in the language in the State statute in regard to exemptions. When a State's Attorney General recognizes a conflict in the language that " **'transport' is a broader category that includes 'carry'** " (See Appellants' motion, Dk. 01019801511, p. 6) and a State's Attorney General specifically opines that "it is necessary to analyze whether any of the statutory exceptions to that general preemption apply" (Id. at p. 6) and; the high courts of the State have not addressed the issue, then can it reasonably be said that Kansas law is clear? Only if one accepts that the State's Attorney General's conclusions are unreasonable.

    In sum, the district court relied on an express exception without regard to whether or not that express exception was, itself, preempted for reason of conflicting with the general preemption – general preemption taking precedence over conflicting exceptions under Kansas law.

**ISSUE 2: irrelevant questions**

This claim is apparently based on the premise that "'a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." *United States v. Platte*, 401 F.3d 1176, 1187 (10th Cir. 2005)(quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 610, 93 S. Ct. 2908, 37 L. Ed. 2d 830(1973)).' Three responses --

First, that is an outdated, errant, or out of context reference to what constitutional challenges may be brought. See portion of Brief of Appellant [Dk. 01019792361] at ISSUE I (D) (covering pages 51-55) about

> "the issue of when facial challenges may be made to a criminal Ordinance which implicates constitutional provisions including an enumerated fundamental right (as opposed to statutory provisions)"

Id. at 51 and containing argument that

> "dicta concerning facial challenges being disfavored cited by the district court as a quote from *Sabri* was plainly and explicitly overruled by the Supreme Court in *Los Angeles v. Patel,* 576 U.S._ (2015)"

Id. at 55 and noting that "the Supreme Court distinguishes between a 'provision of the Constitution' and other Acts by Congress (i.e., statutes)." Id.

at 52-53. Proper interpretation of State law is not about challenging the constitutionality of the specific State law itself but is a matter of application of the proper law, that is a matter of Due Process, a constitutional provision.

Second, that misapprehends that the certified questions themselves must be relevant to specific facts at issue in the present case rather than relevant to discerning the proper interpretation of the State law. The question is, once the proper State interpretation of the law is reached, would that interpretation be determinative of an issue in the case. Clearly, if the specific exception at K.S.A. 12-16,124 (b)(4) is in conflict with the general preemption such that that specific exception is either entirely voided (preempted) **or** that exception is interpreted in a manner which cures the conflict, such as applying to all forms of "transport" except for the "carry" form, then the resulting interpretation of State law would be dispositive of an issue in the present case because either the City's ordinance would be completely preempted (i.e., null and void) **or** the City's ordinance would <u>not</u> apply to "<u>carrying</u>" of firearms in vehicles.

5

Third, Appellee misapprehends that the questions, even hypothetical questions, are not posed to challenge the constitutionality of the State law but to glean the proper interpretation of it. Appellants indicated that "pertinent to the interpretation concerning the preemption statute is – What constitutes **openly** carrying of a firearm as found in of K.S.A. 12-16,124 Supp. 2012?" (See Appellants' motion, Dk. 01019801511, p. 6)

Appellee likewise argues, apparently directed only at the suggested questions 3 and 4 (See Appellants' motion, Dk. 01019801511, p. 20), that "[t]here is no factual basis **in the record** that supports these hypotheticals having any bearing on this case." (See Appellee's response, Dk. 01019803210, p. 4) (emphasis added) But, as above, there is no requirement to have any **factual basis in the record** for questions which simply seek to discover the proper interpretation of State law. Those questions (aside from only being suggestions to this Court -- as it is the Court which will determine what questions will best serve its need for clarification), are only intended to elicit information from the State court so that the proper interpretation of State law can be known.

Appellee also argues that their own modified question is essentially the same as one of the questions suggested by Appellants and then concludes that it is "ultimately a moot question." (See Appellee's response, Dk. 01019803210, p. 4) This is a classic straw man argument. Even so, Appellee fails to identify how that would be a moot question since it seeks to discover the proper interpretation of a State statute that would be determinative of an issue in the case. The State's Attorney General raised the issue of conflict involving "**carry**" (See above) and; the preemption statute makes reference to "**open** carrying" (See K.S.A. 12-16,124(b)(2)) and; the district court decision effectively interpreted all carrying in a vehicle to be "similar to or in kind with the **concealed** carry of firearms" (See Appellee's response, Dk. 01019803210, p. 40), thus, that question or any other questions aimed at discovering whether the interpretation of State law would consider carrying in a vehicle to encompass **open** carrying" is relevant to a proper interpretation of State law which would be dispositive of an issue in the case.

That many States have offered a definition or interpretation for "open" or "concealed" carry, such as carrying, or not carrying, "hidden or

obscured from common observation" (See Appellants' motion, Dk. 01019801511, p. 12) and; that Kansas high courts have not addressed that issue makes this point sufficiently novel. See *Delaney v. Cade,* 986 F.2d 387, 391 (10th Cir. 1993).

Respectfully submitted,

Eric S. Clark, 1430 Dane Ave, Williamsburg, Kansas [66095] 785-214-8904

*/s/ E. Clark/*

Jonathan Clark, 6800 Maurer Road, Shawnee, Kansas [66217] 913-951-6425

*/s/ Jon Clark/*

# CERTIFICATE OF SERVICE

Appellants hereby certify that service was made by mailing

true and correct copies of the foregoing

REPLY TO APPELLEE'S RESPONSE IN OPPOSITION TO APPELLANTS' MOTION TO CERTIFY QUESTION OF STATE LAW [DKT. 01019803210]

by deposit in the United States Mail, Postage prepaid,

on May 5, 2017 addressed to:

Michael K. Seck,
    Christopher B. Nelson,
     FISHER, PATTERSON, SAYLER & SMITH, LLP
     51 Corporate Woods, Suite 300
     9393 West 110th Street
     Overland Park, Kansas 66210

and to:
    Ellis Rainy
    13851 West 63rd Street, #161
    Shawnee, Kansas 66216

and to:
    Karen Torline
    Assistant City Attorney
    City of Shawnee, Kansas
    5860 Renner Road
    Shawnee, Kansas 66217

Eric S. Clark, 1430 Dane Ave, Williamsburg, Kansas [66095] 785-214-8904

Jonathan Clark, 6800 Maurer Road, Shawnee, Kansas [66217] 913-951-6425

PRESS FIRMLY TO SEAL     PRESS FIRMLY TO SEAL     PRIORITY MAIL
POSTAGE REQUIRED

**PRIORITY MAIL**



Retail

**US POSTAGE PAID**
**$6.65**

Origin: 66067
Destination: 80257
0 Lb 9.20 Oz
May 05, 17     1006
1969190590-13

**PRIORITY MAIL ®2-Day**

Expected Delivery Day: 05/08/2017

**USPS TRACKING NUMBER**



9505 5154 5872 7125 0982 66

FROM:

Eric S. Clark
1430 Dane Ave
Williamsburg, Kansas 66095

TO:

Clerk, The United States Court of Appeals
for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257



EP14F July 2013      VISIT US AT USPS.COM®