# United States Court of Appeals

# for the Tenth Circuit

---

# No. *17*-3046

---

**ERIC S. CLARK, JONATHAN CLARK**

Plaintiffs-Appellants

**v.**

**CITY OF SHAWNEE, KANSAS**

Defendant-Appellee

---

**REPLY BRIEF OF APPELLANTS**

---

**ISSUE 1:**

The City claimed that the "Clarks' arguments continue to evolve as the case goes on, including a last-second change in strategy before the district court." (See Dk. 01019808177, p. 16)

There was no "last-second change in strategy before the district court" of which Appellant's are aware. Though it is not completely clear what the City meant by that and without any citation provided, it amounts to an unsupported conclusory statement.

If this refers to providing various examples which help clarify the unconstitutionality arguments, then Appellants would simply respond that any

1

clarification is intended to evolve the understanding, not evolve the argument.

**ISSUE 2:**

The City claims that the 'Clarks introduced the idea of Eric Clark's former homelessness, and the corresponding argument that because Eric Clark was once homeless, all public property now qualifies as his "hearth and home."' (See Dk. 01019808177, p. 16)

That is a straw man argument. That is, that was not the argument made. Appellee's inclusion of "all public property **now** qualifies as his "hearth and home" (emphasis added) is the sole invention of the City's counsel.

**ISSUE 3:**

The City refers to the offering of various examples by Appellants as being some sort of "legal shell game" (See Dk. 01019808177, p. 16)

The City apparently concludes the existence of a "legal shell game" based on the City's comment that:

> "In their Second Amended Complaint, the Clarks specifically listed out the basis for their claims: the Second and Fourth Amendments. No other basis was provided. Only later did the Clarks decide that they had challenges to the Ordinance arising under the First, Fifth, and Fourteenth Amendments. The Second Amendment Complaint does not support any claims being based on these three amendments." (See Dk. 01019808177, p. 17)

The City appears to miss the difference between (1) a claim to a constitutional violation based on an Ordinance being unconstitutional and (2) various different ways of showing how an Ordinance is unconstitutional.

If a Plaintiff's Complaint asserts only a claim to a "First Amendment"

violation and that an Ordinance was the moving force of that violation because of

"the Ordinance being unconstitutional" -- would that preclude a brief from

identifying that the Ordinance was unconstitutional for being violative of the Fifth

and Fourteenth Amendments' protections? Suppose, for example, that an

Ordinance declared that black people may use the word negro, but makes it

unlawful for white people to use the word negro -- would that Plaintiff be

precluded from raising the argument that Ordinance is unconstitutional based on

Equal Protection provided by the Fourteenth Amendment? In short, the City

apparently expected precise legal theory to be expounded in the "short and plain"

statements of the Complaint even though the Supreme Court has made clear that

"legal theory is not to be scrutinized at the pleading stage" (See *Johnson v. City of*

*Shelby,* 574 U. S. ___ (2014) per curium).

## ISSUE 4:

The City made a claim that "the Clarks' brief violates the Federal Rules of

Appellate Procedure." (See Dk. 01019808177, p. 19)

The City argues that:

> Under FED. R. APP. P. 28(a)(8), the argument portion of an
> appellant's brief must contain the appellant's contentions and reasons for
> them, "*with citations to the authorities and parts of the record on which the*
> *appellant relies*." As this Court has recognized, "'Mere conclusory
> allegations with no citations to the record or any legal authority for support'
> does not constitute adequate briefing." *MacArthur v. San Juan Cty.*, 495
> F.3d 1157, 1160–61 (10th Cir. 2007) (quoting *Garrett v. Selby Connor*
> *Maddux & Janer,* 425 F.3d 836, 841 (10th Cir. 2005)). The Clarks' brief is
> replete with legal conclusions and factual allegations that are not followed

with a citation either to the record or to legal authority. This is necessarily so regarding the lack of citations to the record, as the Clarks filed their brief 10 days before the district court submitted the record on appeal. Nonetheless, the Clarks do cite to the trial court documents in some instances. The Clarks also cite to caselaw occasionally throughout their brief. But often, no citation is provided following a legal conclusion or factual allegation.  (See Dk. 01019808177, p. 19)

The City appears to overlook Fed. R. App. P. 30(f) with the heading of "Appeal on the Original Record Without an Appendix." and; the statement in that rule that "[t]he court may, either by rule for all cases or classes of cases [such as all *pro se* cases] or by order in a particular case, dispense with the appendix and permit an appeal to proceed on the original record with any copies of the record, or relevant parts, that the court may order the parties to file." And the City likewise appears to overlook Fed. R. App. P. 28(e) titled "References to the Record" and; the statement within that rule that:

> "[i]f the original record is used under Rule 30(f) and is not consecutively paginated, or if the brief refers to an unreproduced part of the record, any reference must be to the page of the original document. For example:
>
> • Answer p. 7;
>
> • Motion for Judgment p. 2;
>
> • Transcript p. 231."

The City did not explain how "the Clarks' brief violates the Federal Rules of Appellate Procedure." in light of these Rules. The City, by stating "While it is true that the Clarks are proceeding *pro se*, that does not affect the requirement that they adhere to the rules of procedure that apply to all parties." , appears to be

4

challenging the the central basis that *pro se* complaints are to be interpreted according to substance, not form. But it is settled law that the allegations of such a ***pro se*** complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers, see *Haines v. Kerner*, 404 U.S. 519,520 (1972).

Appellant's contend this entire line of issues is cover for a rabbit trail which leads to a briar patch. Most glaringly, the City's own factual conclusion that the "Clarks' brief is replete with legal conclusions and factual allegations that are not followed with a citation either to the record or to legal authority." is, itself, a factual conclusion that is not followed with a citation to the record. This court should dismiss such hypocritical nit picking as being without substantive basis.

**ISSUE 5:**

The City claims that "Eric Clark has an extensive litigation history" (See Dk. 01019808177, p. 20) and yet only points to recent litigation (See footnote of Dk. 01019808177, p. 21 identifying cases which became final in 2015 and 2016).


**ISSUE 6:**

The City asserts that "Eric made the confusing claim that he felt he could not even carry a loaded firearm from his house across his curtilage before getting into his vehicle and driving off his property." (See Dk. 01019808177, p. 22)

Whether or not that claim is confusing, the City properly identified it here. However, in addressing the correct point in time for the injury-in-fact of that claim,

the City argued that "the threat of arrest is even more conjectural when he is standing in Williamsburg, Kansas, both geographically and temporally removed from any possible place or time of enforcement." (See Dk. 01019808177, p. 26) But this conflates **immediacy** attributes (i.e., geographic and temporal) with **immanency** attributes (i.e., level of certainty).

**ISSUE 7:**

The City made a conclusory statement that "a Shawnee ordinance cannot reasonably be said to compel or prohibit behavior in Williamsburg, Kansas" (See Dk. 01019808177, p. 22)

That claim failed to address the reasoned argument that the **moving force** of a law extends to reach that for which it provides fair notice regardless of geographical location (jurisdictional lines). Fair notice has long had support in the law as effecting prior restraint on criminal behavior, that being the primary purpose for law. Nothing changes in that reach(moving force) of the law simply because the behavior is constitutionally protected rather than criminal behavior. See ISSUE I(E) of BRIEF OF APPELLANT, Dk. 01019792361, pp. 60-63.

**ISSUE 8:**

The City argues that:

> "There are two distinct factual scenarios at issue that are relevant to Eric's standing: (1) the times Eric drove in Shawnee and did comply with the Ordinance by refraining from transporting firearms in his vehicle, and (2) the times Eric drove in Shawnee and intentionally violated the Ordinance by transporting firearms in his vehicle." (See Dk. 01019808177, p. 23)

6

This misses the mark, making the <u>same error as the district court</u>, looking to the incorrect point-in-time that the alleged injury occurred. Those would not even be accurate representations of the injury-in-fact for prospective claims – in the event that the Ordinance has not been repeal or was someday enacted again. See ISSUE 6 above.

**ISSUE 9:**

At page 33 of Dk. 01019808177, the City states:

> "If Eric were truly fearful for his life and felt a firearm was the only way he could protect himself, he would not have simply refused to carry a firearm at all. He could have placed an unloaded pistol and a fully loaded magazine in a carrying case within his reach. Had he, or anyone else, done that, it would only take seconds to open the case (there was no requirement it be locked), slide the magazine into the pistol, and rack the pistol's slide. Or, if even those few seconds were somehow too burdensome, the Clarks could have simply obtained a concealed carry permit."

The bulk of this set of conclusory statements is without factual support and fail to account for the Affidavit of Eric Clark at Dk. 119-1, pp 3-6 and the last remaining statement that "Clarks could have simply obtained a concealed carry permit" stretches "simply obtained" to incredulity since obtaining a concealed carry permit would have required the Clarks to face potential felony prosecution. See ISSUE I(D) of BRIEF OF APPELLANT, Dk. 01019792361, pp. 51-57.  That is, application for a concealed carry permit required statement under penalty of perjury(felony) that one had a specific personal desire. Affidavits at Dk. 87-1, pp.  29-30  provide factual

7

support that the Clarks did not possess that one particular personal desire
and; therefore, for the Clarks to state otherwise under penalty of perjury  (in
order to obtain a concealed carry license) would have subjected the Clarks
to potential felony prosecution. While a facing a *potential felony prosecution*
may be characterized as a "simple" thing by the City, the obvious reality is
far different.

**ISSUE 10:**

The City asserts "The Clarks do not have the right to a decision from this Court on
hypotheticals not at issue in this case." (See Dk. 01019808177, p. 35)

Appellants see nothing in that conclusory argument that refutes ISSUE I(D)
of BRIEF OF APPELLANT, Dk. 01019792361, pp. 51-57.

**ISSUE 11:**

The City claims "the Clarks urge that a Kansas Attorney General opinion
preempted the Ordinance."  (See Dk. 01019808177, p. 35)

This claim is categorically false. The Clarks', in fact, urged that the
Ordinance is preempted by the conflicting language in the statute itself – language
which the Kansas Attorney General made specific note of. That an Attorney
General make not of a conflict in a statute has no effect on the fact that it is the
conflict, not the Attorney General, which would cause preemption. As example,
a tree trunk is not brown because someone says "Oh look, that tree trunk is
brown", the tree trunk is brown because the tree trunk is brown. That no high
appellate court in Kansas has been presented with happenstance to look at the

tree trunk does not change anything about the tree trunk.

**ISSUE 12:**

Lastly, concerning oral argument, the City claims that "Mr. Clark refused to recognize a court's authority and disobeyed repeated requests for order in the court". (See Dk. 01019808177, p. 44)

This is a conclusory claim concerning ongoing litigation for which no mandate has issued -- as the case currently awaits action by the Supreme Court of Kansas. Not only was there a dissenting justice in the lower appellate court concerning the validity of the contempt charge, but the lower appellate court completely failed to address the core constitutional issue at stake even though it was raised by brief (i.e. that the alleged court was not a court of competent jurisdiction for lacking compliance with Article III constitutional requirements). Regardless of this background information, if oral argument is granted in the present case, this Court can be assured that it has sufficient security in place and ample sanction power at its disposal to accord even an anarchist to have his day in court. That antecedent statement was only to make the intended point, as Mr. Clark is certainly not an anarchist and holds with the utmost sincerity his oath taken to protect and defend the Constitution.

Concerning this issue, the City states that "[t]his is brought to the Court's attention [...] to ensure that the Court is made aware of past behavior that may impact oral argument" (See Dk. 01019808177, p. 44), yet the City oddly failed to identify the specific behavior that the Court should be made aware of. A review of

the details of the case would discover Clark asking a non-attorney City Municipal

judge, "May I ask under what authority you are holding court?" and receiving no

answer. The specific behavior can also be seen in the appellate opinion,

"At one point, Clark asked, "May I ask under what authority you are holding

court?" At another point, he indicated, "If a court is exceeding its authority, it is not

a valid court." *City of Willimasburg v. Clark*, 379 P.3d 1155 (Kan. Ct. App. 2016).

The Petition for Review to the Kansas Supreme Court further illuminates the

specific behavior as it contains in part:

> 'based on the video/audio recording in the record (R. Vol. #2,
> Def. Exh. 11), it is apparent that Clark cut his defense short
> when he perceived that the court was not even listening to his
> defense. ( See/hear Clark stating "apparently you're not going to
> listen to the rest so I'll, uh, I'll cease there.")'

What is not illuminated in the Petition is the specific behavior which occurred

after the ceasing [to speak] consisted of Clark sitting quietly for a lengthy time

until arrival of a Sheriff Deputy with whom he had polite conversation until the

non-attorney judge interrupted with a proclamation that Clark was now being

charged with direct contempt of court.

   Lastly, Appellants have great confidence that this Court is a court of

competent jurisdiction and no questioning of its authority has ever been even

remotely contemplated by Appellants. That said, if oral argument is granted and

sufficient time and opportunity to make arrangements exist, Appellants intend to

request that attorney Alan Gura make an entry of appearance *pro hac vice* to argue

the cause. Appellants would reveal that emails between alan@gurapossessky.com

and eric@whitestonepublishing.org have previously been exchanged concerning

this topic with no solid plans in place. That said, even with solid confirmation,

Appellants cannot guarantee whether oral argument would be likely to aid the

Court in its decision even if such arrangements can be made. This is clearly a

matter for the Court to exercise its own discretion.

Respectfully submitted,

Eric S. Clark, 1430 Dane Ave, Williamsburg, Kansas [66095] 785-214-8904

Jonathan Clark, 6800 Maurer Road, Shawnee, Kansas [66217] 913-951-6425

## CERTIFICATE OF SERVICE

Appellants hereby certify that service was made by mailing

true and correct copies of the foregoing

REPLY BRIEF OF APPELLANTS

by deposit in the United States Mail, Postage prepaid,

on May 12, 2017 addressed to:

Michael K. Seck,
    Christopher B. Nelson,
     FISHER, PATTERSON, SAYLER & SMITH, LLP
     51 Corporate Woods, Suite 300
    9393 West 110th Street
    Overland Park, Kansas 66210

and to:
    Ellis Rainy
    13851 West 63rd Street, #161
    Shawnee, Kansas 66216

and to:
    Karen Torline
    Assistant City Attorney
    City of Shawnee, Kansas
    5860 Renner Road
    Shawnee, Kansas 66217

Eric S. Clark, 1430 Dane Ave, Williamsburg, Kansas [66095] 785-214-8904

Jonathan Clark, 6800 Maurer Road, Shawnee, Kansas [66217] 913-951-6425