# No. 17-3046

## United States Court of Appeals

## for the Tenth Circuit

**ERIC S. CLARK, JONATHAN CLARK**

Plaintiffs-Appellants

v.

**CITY OF SHAWNEE, KANSAS**

Defendant-Appellee

Appeal from the U.S. District Court

for the District of Kansas

The Honorable Sam A. Crow, District Judge

( 5:15-cv-04965-SAC )

**PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING EN BANC**

Eric S. Clark ( pro se )
1430 Highway K 273
Williamsburg, Kansas 66095

Jonathan Clark ( pro se )
6800 Maurer Road
Shawnee, Kansas 66217

**Request for rehearing by the Panel:**

This request for rehearing involves a question for which a circuit split appears to exist, or for which this opinion may solidify; thus, this request addresses a question of exceptional importance. The opinion of the Court of Appeals for the Tenth Circuit (17-3046, Dk. 01019864873) conflicts with decisions of the U.S. Supreme Court[footnote dicta], another circuit court[Sixth Circuit], and the plain meaning of the Federal Rules of Appellate Procedure[Congressional enactment]. (See *United States v. Ibarra*, 502 U.S. 1, 7 n.3 (1991), Sixth Circuit appeal No. 07-5280, and the Federal Rules of Appellate Procedure promulgated under authority of 28 U.S.C. §2071)

If the Panel does not choose to rehear or chooses to affirm its prior opinion(attached), Plaintiffs suggest circulating this request for a vote on holding an *en banc* rehearing.

Finding lack of jurisdiction is a serious matter because when jurisdiction actually exists but a court, in error, finds that it lacks jurisdiction then that can violate fundamental rights by denying access to the courts -- it is clear from Supreme Court precedent that constitutional guarantees also protect the prerequisites to exercise of those guarantees.

See *Luis v. United States*, 578 U.S. ____ (2016) No. 14–419 ("Constitutional rights protect the necessary prerequisites for their exercise.") Access to the courts is often a necessary prerequisite to protecting fundamental rights and obtaining remedy for their violation.

**Questions:**

For a judgment of dismissal of an appeal for lack of jurisdiction – is that judgment void when it is based on an error of law about existence of jurisdiction over the appeal?

Does Rule 60(b)(4) of the Federal Rules of Civil Procedure allow that a motion to vacate a void judgment can be made at any time? See *Orner v. Shalala*, 30 F.3d 1307 (10th Cir.1994) at *13:

> 'Unlike its counterparts, Rule 60(b)(4), which provides relief from void judgments, "is not subject to any time limitation." *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n. 9 and accompanying text (10th Cir.1979) ("if a judgment is void, it is a nullity from the outset and any 60(b)(4) motion for relief is therefore filed within a reasonable time"); see also *Venable v. Haislip*, 721 F.2d 297, 299-300 (10th Cir.1983). Furthermore, when Rule 60(b)(4) is applicable, "relief is not a discretionary matter; it is mandatory." *V.T.A., Inc.*, 597 F.2d at 224 n. 8; see also *Venable*, 721 F.2d at 300.'

These questions are rhetorically posed because if this present appeal is not reheard, the same issue may find its way before this Circuit Court by way of appeal on any later judgment of the district court which denies a Rule

60(b)(4) motion concerning this issue (void judgment).

Additionally, as "[t]his court has indicated on a number of occasions that a judgment may be void for purposes of Rule 60(b)(4) if entered in a manner inconsistent with due process. See, e.g., V.T.A., Inc., 597 F.2d at 224-25; Arthur Andersen & Co. v. Ohio (In re Four Seasons Sec. Laws Litig.), 502 F.2d 834, 842 (10th Cir.), cert. denied, 419 U.S. 1034, 95 S.Ct. 516, 42 L.Ed.2d 309 (1974)." *Orner* at 14.

Due process, of course, includes "adequate notice" and for a *pro se* litigant, the Rules of Appellate Procedure do not provide adequate notice that "successive post-judgment motions" under Fed. R. App. P. Rule 4(a)(4)(A) do not toll the time to file an appeal and, in fact, the plain language of the Rule provides the opposite notice. (clearly inadequate)

**Issue:**

The Court of Appeals erred in finding a lack of jurisdiction to address the appeal on the merits. Dismissal of an appeal for reason of lack of jurisdiction when jurisdiction is not lacking is an error of law.

**Standard of Review:**

Errors of law are subject to *de novo* review.

**Argument:**

This Circuit Court of Appeals should not relinquish jurisdiction when it, in fact of law (i.e., under proper interpretation of law, including Rules made pursuant to law), . . . has jurisdiction.

The opinion (See App. Dk. 01019864873) at pages 4-5 stated:

> 'Although the Clarks filed a Rule 52(b) motion to make additional findings on January 31, 2017, that motion did not extend the time to appeal beyond the February 21, 2017 deadline **because successive post-judgment motions do not toll the time for appealing an underlying judgment.** See *Ysais v. Richardson*, 603 F.3d 1175, 1178 (10th Cir. 2010) (a successive post-judgment motion "did *not* extend the time for filing a notice of appeal from the underlying amended final judgment").' (emphasis added)

The court's use of "successive post-judgment motions" for which it cited to *Ysais* appears to necessarily hold two things:

1) only **one** timely motion of the six types (see subsections i,ii,iii,iv,v,vi) described under Fed. R. App. P. 4(a)(4)(A) can toll the time to file an appeal and;

2) the controlling motion is the **first** one to be filed.

These two apparent holdings are in direct contravention of Fed. R. App. P. Rule 4(a)(4)(A) ("Rule 4") which not only allows for **multiple** timely motions, but also its plain statement that the controlling motion for tolling

is the "**last** such remaining motion". Theoretically, a party could file **timely** post-judgment motions as described by each subsection of Rule 4(a)(4)(A)(i,ii,iii,iv,v,vi). In the present case, a motion to review [Dk. 143] and a Rule 52(b) motion for additional findings [Dk. 156] were clearly two different motions and each was timely filed. Each of those motions fit the motions described by Rule 4(a)(4)(A), specifically subsection "ii" and subsection "iv".

When a Rule 52(b) motion [See Rule 4(a)(4)(A)(**ii**)] is timely filed and a rule 59(e) motion [See Rule 4(a)(4)(A)(**iv**)] are both timely filed, Rule 4(a)(4)(A) is explicitly that "the time to file an appeal runs for all parties from the entry of the order disposing of **the last such remaining motion**" The use of "the **last such** remaining motion" within Rule 4(a)(4)(A) *necessarily* means that *there may be more than one* **tolling** *motion filed*, thus, the apparent holding that *only* **one such** *motion* can toll the time to appeal creates surplusage in Rule 4. That is, the Rule 4 use of "**the last such remaining motion**" would be meaningless or incoherent if there may only be **one such motion**.

The Court of Appeals left its reasoning to the sole citation to "*Ysais v. Richardson*, 603 F.3d 1175, 1178 (10th Cir. 2010)" (See App.

Dk. 01019864873 at p. 5) thus the reasoning must be inferred from that line of cases.

In *Ysais*, the second motion for reconsideration did not toll the time to file an appeal concerning the amended final judgment but that was not because it was a successive motion (as the *Ysais* court incorrectly held citing to *United States v. Marsh*, 700 F.2d 1322 (10th Cir. 1983)) – rather, under Rule 4(a)(4)(A), the second motion for reconsideration would not have tolled the time for appealing the amended final judgment because it was not TIMELY filed (that is, it was not filed within ten days of the entry of the amended final judgment).

Under the *Ysais* line cases (i.e., the *Marsh* case) it appears that the concern was that the described motions of Rule 4(a)(4)(A), most notably 59(e) motions, could be successively filed indefinitely -- reasoning that a Rule 59(e) motion challenging the ***denial of*** a tolling motion would re-trigger the tolling of Rule 4(a)(4)(A) for the judgment that was at issue within the motion that was denied -- but that reasoning fails to account that the "timely" requirement of the motions described in Rule 4(a)(4)(A) combined with being limited to **the judgment** prevents any such ability to prolong appealing an earlier judgment indefinitely. Fed. R. App. P. Rule

4(a)(4)(A)(iv) refers to "the" judgment. ("to alter or amend **the judgment** under Rule 59").

Clearly, at the time that a Rule 59 motion is made to alter or amend **the** judgment, it is impossible for a later denial of that very motion (i.e., a separate judgment denying the Rule 59 motion) to be within that Rule 59 motion. The only way to even attempt that is for the Rule 59 motion to seek to amend denial of itself -- but that would obviously present a moot issue because of not yet having a denial judgment in existence.

The primary thing that seems to be overlooked in the *Ysais* (i.e. *Marsh*) is that the Rule 4(A) "timely" restriction prevents indefinite tolling of time to place "the" judgment in a Notice of Appeal and file that notice with the court -- "If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure— **and** does so **within the time** allowed by those rules—" (emphasis added)

There is a lot packed into the above and Plaintiffs pray the court take time to unpack it. The Sixth Circuit has said basically the same thing and it may help clarify the above by reviewing the Sixth Circuit opinion (No. 07-5280) which addressed the issue on pages 5-8. (See Sixth Circuit App. Dk. 006111811971 filed 09/09/2013). And just as the Sixth Circuit

concluded that "Recognizing Chambers's January 30 Motion as timely filed under Rule 59(e) thus does not have the deleterious consequences described in the cases relied on by Saturn.", so too, this Circuit Court's recognizing Clarks' January 31 Motion as timely filed under Rule 52(b) thus would not have the deleterious consequences for which *Ysais* (*i.e., Marsh*) was concerned.

Further, recognizing tolling of time for all "timely" filed motions listed in Rule 4(a)(4)(A) i-vi is in keeping with the "Committee Notes on Rules—2010 Amendment" for Rule 4, subdivision (a)(4)(A)(vi), that:

> "Subdivision (a)(4) provides that certain timely posttrial motions extend the time for filing an appeal. Lawyers sometimes move under Civil Rule 60 for relief that is still available under another rule such as Civil Rule 59. Subdivision (a)(4)(A)(vi) provides for such eventualities by extending the time for filing an appeal **so long as** the Rule 60 **motion is filed within a limited time**. Formerly, the time limit under subdivision (a)(4)(A)(vi) was 10 days, reflecting the 10-day limits for making motions under Civil Rules 50(b), 52(b), and 59. Subdivision (a)(4)(A)(vi) now contains a 28-day limit to match the revisions to the time limits in the Civil Rules."

The faulty "successive motion" conclusion in *Marsh* that

> "viewing Marsh's motion for reconsideration as one seeking reargument of the original motion for new trial it has to be concluded that the time to appeal the original trial court judgment is not to be extended."

. . . was right for the wrong reason. Similarly for *Ysais*.

Clearly, *Marsh* is differentiated from the present case in that the second motion for reconsideration in *Marsh* was not filed timely (i.e., within 10 days of the amended final judgment) whereas the Rule 52(b) motion of the present case was timely filed (i.e., filed "**within the time** allowed by" Rule 52(b)). And the Rule 52(b) was the "last such remaining motion" as it was disposed of on February 22, 2017 (See Dk. 160), thus Plaintiffs had until 30 days after February 22, 2017 (i.e. until March 24, 2017) to file their notice of appeal of the final judgment. Plaintiffs file that notice of appeal on February 28, 2017 well in advance of the deadline to file the notice of appeal.

**Conclusion:**

Successive post-judgment motions, <u>as described by the six subsections under Rule 4(a)(4)(A)</u>, **do** toll the time to file a notice of appeal **provided that** any successive post-judgment motion is filed TIMELY (i.e., "<u>within the time allowed by those rules</u>"). Plaintiffs' Rule 52(b) motion filed January 31, 2017 is squarely under subsection "ii" as the judgment was entered on January 5, 2017 which was less than 28 days prior to filing the Rule 52(b) motion which was; therefore, filed "within the time allowed" and; thus, the judgment which dismissed the appeal for lack of jurisdiction is void and should be vacated.

**Question of exceptional importance:**

If the Tenth Circuit denies rehearing or otherwise chooses to solidify a split from the Sixth Circuit on this issue then the footnote remarks by the U.S. Supreme Court in *United States v. Ibarra*, 502 U.S. 1, 7 n.3 (1991) [ that the instant case presented "no occasion to consider whether it is appropriate to refuse to extend the time to appeal in cases in which successive motions for reconsideration are submitted. See *United States* v. *Marsh,* 700 F. 2d 1322 (CA10 1983)." ] . . . may finally be presented with that occasion.

**Relief:**

Dismissal of Appellants' appeal for the invalid reason of lacking jurisdiction is correctable error. This Court of Appeals should vacate the judgment of dismissal and hear and decide the appeal on the merits.

Respectfully submitted to this Court of Appeals for the Tenth Circuit.

Eric S. Clark, 1430 Dane Ave, Williamsburg, Kansas [66095]
Phone: 785-214-8904

Jonathan Clark, 6800 Maurer Road, Shawnee, Kansas [66217]
Phone: 913-951-6425

## CERTIFICATE OF SERVICE

Appellants hereby certify that service was made by mailing true and correct copies of the foregoing

PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC


by deposit in the United States Mail, Postage prepaid,

on September 8, 2017 addressed to:

Michael K. Seck,
    Christopher B. Nelson,
     FISHER, PATTERSON, SAYLER & SMITH, LLP
     51 Corporate Woods, Suite 300
     9393 West 110th Street
     Overland Park, Kansas 66210

and to:
    Ellis Rainy
    13851 West 63rd Street, #161
    Shawnee, Kansas 66216

and to:
    Karen Torline
    Assistant City Attorney
    City of Shawnee, Kansas
    5860 Renner Road
    Shawnee, Kansas 66217

Eric S. Clark, 1430 Dane Ave, Williamsburg, Kansas [66095] 785-214-8904

Jonathan Clark, 6800 Maurer Road, Shawnee, Kansas [66217] 913-951-6425

12

FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

September 1, 2017

Elisabeth A. Shumaker
Clerk of Court

---

JONATHAN CLARK; ERIC S. CLARK,

    Plaintiffs - Appellants,

v.

CITY OF SHAWNEE, KANSAS,

    Defendant - Appellee.

No. 17-3046
(D.C. No. 5:15-CV-04965-SAC-KGS)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

---

Jonathan and Eric Clark seek to appeal from the summary judgment entered in favor of the City of Shawnee, Kansas (City). Their notice of appeal is untimely as to the underlying judgment and did not indicate they were appealing from the denial of their post-judgment motions. We dismiss the appeal for want of jurisdiction.

In December 2013, a City police officer stopped Jonathan's vehicle and found two

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.
    This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

loaded, un-encased firearms inside. At the time of the stop, the City had an ordinance prohibiting the transportation of a firearm in a vehicle unless it "is unloaded and encased in a container which completely encloses the Firearm."[1] (R. at 53.) The officer cited Jonathan for violating the ordinance.[2]

Jonathan filed a pro se 42 U.S.C. § 1983 complaint against the City alleging violations of the Second and Fourth Amendments. Joining him in the lawsuit was his uncle, Eric Clark. Although Eric had never been cited for violating the ordinance, he claimed there were numerous times he did not carry a firearm within the City (even though he wanted to) due to fear of being prosecuted under the ordinance.

After protracted proceedings, the district judge granted summary judgment in favor of the City on January 5, 2017. Judgment was entered that same day. In addition to awarding judgment to the City, the judgment allowed the City to recover its costs from the Clarks. The next day, the City submitted its bill of costs. It included its attorney's fees in the bill of costs.

On January 12, 2017, the Clarks filed a motion for review. They objected to the award of costs in the judgment and the City's inclusion of its attorney's fees in the bill of costs. On January 19, the City admitted it had improperly included its attorney's fees as a

---

[1] The ordinance was repealed on August 25, 2014, via a state law which declared null and void all ordinances governing the transportation of firearms or ammunition adopted prior to July 1, 2014.

[2] Jonathan was later convicted in municipal court of violating the firearm ordinance. He appealed to the state district court. The City eventually dismissed the charge.

cost item and filed a separate motion for an award of fees.

The judge denied the motion for review on January 20, 2017. He concluded the judgment correctly awarded the City its costs. However, he directed the Clerk of Court to disregard the request for attorney's fees in the City's bill of costs.

On January 31, 2017, the Clarks filed a motion for additional findings pursuant to Fed. R. Civ. P. 52(b). They asked the judge to make the following additional findings: (1) "the City's regulation appears calculated to incite members of the responsible law-abiding public to obtain a license to carry concealed weapons and to incite the public to view concealed carry of weapons as being a noble defence without any tendency to secret advantages"; and (2) "the evidence before the court showed that carrying of all visible firearms in all vehicles, including rifles mounted in the back window of pickup trucks on one's own private estate, present a level of concern that such conduct may create untoward and unseemly circumstances that go beyond self-defense." (D. Ct. Doc. 156.) On February 22, 2017, the judge denied the motion because it failed to provide any legal or factual support for the additional findings. Moreover, the Clarks had failed to explain how they satisfied the standards governing relief under Rule 52(b).

Six days later, on February 28, 2017, the Clarks filed their notice of appeal, seeking only to appeal from the January 5, 2017 judgment.

The City moves to dismiss the appeal for lack of jurisdiction because the notice of appeal is untimely. According to the City, the Clarks' Rule 52(b) motion for additional findings was deficient. As a result, it did not toll the time to appeal under Fed. R. App. P.

4(a)(4). We agree with the City that we lack jurisdiction over this appeal, but for different reasons.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Generally, a notice of appeal in a civil case must be filed in the district court "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). However, certain timely-filed motions, including a motion to make additional factual findings under Fed. R. Civ. P. 52(b) and a motion to alter or amend the judgment under Fed. R. Civ. P. 59, extend the time to appeal until 30 days from the entry of the order disposing of the motion. Fed. R. Civ. P. 4(a)(4)(A).

In this case, the Clarks' motion for review filed on January 12, 2017, although not labeled as such, was a Fed. R. Civ. P. 59(e) motion because it sought to substantively alter or amend the judgment. *See Yost v. Stout*, 607 F.3d 1239, 1243 (10th Cir. 2010) ("Where [a] motion requests a substantive change in the district court's judgment or otherwise questions its substantive correctness, the motion is a Rule 59 motion, regardless of its label."). That motion, which was timely filed within 28 days after entry of judgment, *see* Fed. R. Civ. P. 59(e), extended the time to appeal to February 21, 2017—thirty days from the entry of the judge's January 20, 2017 order disposing of the motion.[3] Although the Clarks filed a Rule 52(b) motion to make additional findings on

---

[3] Thirty days from January 20, 2017, was February 19, 2017. However, February 19, 2017, was a Sunday and February 20, 2017, was a legal holiday. Therefore, the
(Continued . . .)

January 31, 2017, that motion did not extend the time to appeal beyond the February 21, 2017 deadline because successive post-judgment motions do not toll the time for appealing an underlying judgment. *See Ysais v. Richardson*, 603 F.3d 1175, 1178 (10th Cir. 2010) (a successive post-judgment motion "did *not* extend the time for filing a notice of appeal from the underlying amended final judgment"). Because the Clarks did not file their notice of appeal until February 28, 2017—a week past the February 21, 2017 deadline—their appeal is untimely as to the January 5, 2017 judgment and we lack jurisdiction to review it.

Attempting to avoid this result, the Clarks ask us to construe their January 31, 2017, motion to make additional findings as a notice of appeal. "If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal." *Smith v. Barry*, 502 U.S. 244, 248–49 (1992). The notice required by Rule 3 is notice of (1) the party or parties taking the appeal, (2) the judgment or order being appealed, and (3) the court to which the appeal is taken. Fed. R. App. P. 3(c)(1); *see also United States v. Smith*, 182 F.3d 733, 735 (10th Cir. 1999). Although the motion for additional findings was filed within the time to file a notice of appeal, it did not provide the requisite notice. It clearly sought relief solely from the district court; it did not evidence an intent to seek appellate review from this Court. It also did not indicate

---

notice of appeal was due Tuesday, February 21, 2017. *See* Fed. R. App. P. 26(a)(1)(C) ("When the [time] period [specified in the appellate rules] is stated in days . . . if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

what judgment or order is being appealed. Indeed, the motion begins by "[r]eserving the right to appeal on all issues . . . ." (D. Ct. Doc. 156.) Far from indicating that they are presently appealing to this Court from the final judgment, this language simply gives notice of an intent to appeal in the future.

Although the notice of appeal is untimely as to the January 5, 2017 order and judgment, it is timely with respect to the judge's denial of the Clarks' Rule 59(e) motion for review and Rule 52(b) motion for additional findings. The judge denied the motion for review on January 20, 2017, but the timely filing of the motion for additional findings on January 31, 2017, tolled the time to appeal from that denial. *See Ysais*, 603 F.3d at 1178 ("[The] second motion for reconsideration tolled Ysais's time to appeal . . . from the denial of the first motion for reconsideration"). The judge denied the motion for additional findings on February 22, 2017, which gave the Clarks until March 24, 2017, to appeal from the denial of both motions. Again, the notice of appeal was filed February 28, 2017.

But another problem exists. Fed. R. App. P. 3(c)(1)(B) requires a notice of appeal to "designate the judgment, order, or part thereof being appealed." This requirement is jurisdictional. *See Smith v. Barry*, 502 U.S. 244, 248 (1992); *see also Gonzalez v. Thaler*, 565 U.S. 134, 147 (2012); *Williams v. Akers*, 837 F.3d 1075, 1078 (10th Cir. 2016). "Nevertheless, we construe the designation requirement liberally. Thus, a mistake in designating the judgment appealed from is not always fatal, so long as the intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was

not misled or prejudiced." *Williams*, 837 F.3d at 1078 (citation and quotation marks omitted).

The only intent we can infer from the notice of appeal is an intent to appeal from the January 5, 2017 order and judgment. It states: "Plaintiffs hereby timely appeal[] the **Order** and **Judgment** dated the 5th day of January, 2017 [Dks. 140 & 141] . . . ." (R. at 881.) It not only mentions the date of the order and judgment, it refers to the district court docket numbers.

The notice of appeal mentions the motion for additional findings:

> Pursuant to the Federal Rules of Appellate Procedure, Rule 4(a)(4)(A)(ii) concerning the ***Effect of a Motion on a Notice of Appeal***, if a party files in the district court a timely motion "to amend or make additional factual findings under Rule 52(b), **whether or not granting the motion would alter the judgment**," then the time to file an appeal runs for all parties from the entry of the order disposing of that motion and; Plaintiffs did timely file[] a motion to make additional findings under Rule 52(b) on January 31, 2017 [Dk. 156]; thus, a notice of appeal is timely filed if filed within 30 days of the district court's order disposing of that motion which in the instant case was the order [Dk. 160] filed on February 22, 2017. Thirty days have not yet elapsed from that date and; therefore, **this appeal is timely filed**.

(*Id.*) But that is insufficient.

The Clarks' reference to the order denying their motion for additional findings does not evidence an intent to appeal from it. They referred to the motion believing it tolled the time to appeal from the final judgment. As we have already explained, it did not.

Because we can discern no intent to appeal from the denials of their post-judgment

motions, we lack jurisdiction to review those orders.[4]

We **GRANT** the City's Motion to Dismiss and **DISMISS** this appeal for lack of jurisdiction. The Clarks' Motion to Certify a Question of State Law to the Kansas Supreme Court is **DENIED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[4] The City's motion for attorney's fees did not impact the time to appeal because the judge did not extend the time to appeal under Fed. R. Civ. P. 58. *See* Fed. R. App. P. 4(a)(4)(A)(iii) (a timely-filed motion for attorney's fees under Fed. R. Civ. P. 54 extends the time to appeal only "if the district court extends the time to appeal under Rule 58*"); see also Yost*, 607 F.3d a 1242 (the time period to file an appeal in a civil case "may be tolled if . . . a party timely files a motion for attorney's fees under Federal Rule of Civil Procedure 54 *and* 'the district court extends the time to appeal under Rule 58,' Fed. R. App. P. 4(a)(4)(A)(iii)").