# UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

JONATHAN CLARK et al.,

    Plaintiffs - Appellants,

           v.

CITY OF SHAWNEE, KANSAS,

    Defendant - Appellee.

Case No. 17-3046

## APPELLEE'S RESPONSE IN OPPOSITION TO APPELLANTS' PETITION FOR REHEARING EN BANC

The City of Shawnee, Kansas ("the City") opposes Appellants' Petition for Rehearing En Banc and respectfully requests that this Court enter its Order denying that petition.

## I.    ISSUE

The Clarks claim that the panel decision in this case conflicts with a footnote in an opinion of the Supreme Court of the United States, with an opinion the Sixth Circuit, and with the plain meaning of the Federal Rules of Appellate Procedure. It is unquestionable that the panel decision in this case does not conflict with the Supreme Court case cited by the Clarks. And the purported conflict between the unpublished panel decision in this case and the unpublished Sixth Circuit case does not qualify as a question of "exceptional importance." Should this Court grant the Clarks' Petition for Rehearing En Banc?

{O0337621}

## II.    ANALYSIS

En banc review is an extraordinary procedure and requests for en banc consideration are disfavored.[1] "Before seeking rehearing en banc litigants should be aware and take account of the fact that, before any published panel opinion issues, it is generally circulated to the full court and every judge on the court is given an opportunity to comment."[2]

The Clarks attempt to cover all bases by alleging that rehearing en banc is warranted under both FED. R. APP. P. 35(b)(1)(A) and (B). The former allows for rehearing en banc when "the panel decision conflicts with a decision of the United States Supreme Court or of the court to which the petition is addressed."[3] The latter allows for rehearing en banc when "the proceeding involves one or more questions of exceptional importance," including situations in which "the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue."[4]

As discussed below, there is no conflict whatsoever between the Supreme Court decision and the panel decision. Moreover, the conflict, if any, between the panel decision and the Sixth Circuit case the Clarks cite need not be resolved by rehearing en banc, as there is no question of exceptional importance. This Court

---

[1] 10th Cir. R. 35.1(A).
[2] *Id.*
[3] FED. R. APP. P. 35(b)(1)(A).
[4] FED. R. APP. P. 35(b)(1)(B).

{O0337621}

has previously "take[n] to heart" the portions of Fed. R. App. P. 35(a) "which say

rehearing en banc is 'not favored' and will not be ordered unless the case involves

a 'question of exceptional importance.'"[5] Interpreting those portions of the rule in a

case involving an unpublished opinion (like the panel decision at issue here), this

Court found that the panel's unpublished opinion "presents no question of

exceptional importance," as local rules made clear that an unpublished opinion

indicates the panel determined "the case has no value as precedent" and the

decision is "virtually uncitable."[6] Admittedly, those local rules have since changed

(e.g., 10th Cir. R. 36.3 no longer exists), likely as a result of FED. R. APP. P. 32.1,

which may undermine the value of the Court's analysis in *Rocha Vigil*.

Accordingly, the City will address the merits of the "legal conflicts" alleged by the

Clarks.

### A.    The panel decision does not conflict with *United States v. Ibarra*.

The Clarks allege that the panel decision in this case conflicts with a

footnote found in *United States v. Ibarra*, 502 U.S. 1, 7, 112 S. Ct. 4, 7, 116 L. Ed.

2d 1 (1991). Specifically, the Clarks believe the panel decision conflicts with

Footnote 3. That footnote reads in full:

> Two other concerns that animate the Tenth Circuit's decision are
> simply inapposite to the present case. First, there is no assertion that
> the Government's abandonment and reassertion of the consensual

---

[5] *Rocha Vigil v. City of Las Cruces*, 119 F.3d 871 (10th Cir. 1997).
[6] *Id.* (citing 10th Cir. R. 36.1 and 36.3).

{O0337621}

search theory was done in bad faith. We thus have no occasion to consider whether instances of bad faith might require a different result. See *United States v. Healy,* 376 U.S. 75, 80, n. 4, 84 S.Ct. 553, 556, n. 4, 11 L.Ed.2d 527 (1964). Second, only a single motion for reconsideration was filed. **We thus also have no occasion to consider whether it is appropriate to refuse to extend the time to appeal in cases in which successive motions for reconsideration are submitted**. See *United States v. Marsh,* 700 F.2d 1322 (CA10 1983).[7]

This footnote makes clear that the Clarks disingenuously argue that the panel decision conflicts with a decision of the Supreme Court. Rather, the Clarks have cited to a footnote in which the Supreme Court acknowledged it did not have occasion to rule on the issue at hand. Without a ruling on that issue, there can be no conflict as required by FED. R. APP. P. 35(b)(1)(A). Indeed, the Clarks seem to acknowledge this in asserting that the Supreme Court "may finally be presented with that occasion."[8] This acknowledgement cannot be reconciled with the Clarks opening—and seemingly intentionally deceptive—allegation that "[t]he opinion of the Court of Appeals for the Tenth Circuit (17-3046, Dk. 01019864873) *conflicts with decisions of the U.S. Supreme Court*."

The Clarks' do not claim that any Supreme Court opinions other than *Ibarra* conflict with the panel decision, so there is no chance that this allegation was a simple misunderstanding. It is also unclear why *Ibarra* is addressed under a

---

[7] *United States v. Ibarra*, 502 U.S. 1, 7 n.3, 112 S. Ct. 4, 7, 116 L. Ed. 2d 1 (1991) (emphasis added).
[8] Pet. for Reh'g and Suggestions for Reh'g En Banc, Sept. 11, 2017, p. 11.

{O0337621}

heading relating to a question of exceptional importance—the basis provided by

FED. R. APP. P. 35(b)(1)(B)—when a panel decision's conflicting with a Supreme

Court opinion is a separate basis for rehearing en banc—provided by FED. R. APP.

P. 35(b)(1)(A).

> **B.     The panel decision's conflict with the Sixth Circuit's panel decision in *Robbins v. Saturn Corp.* does not create a question of exceptional importance.**

The panel decision in this case found that the Clarks' Motion for Review—

filed January 12, 2017—and the Clarks' Motion To Move the District Court To

Make Additional Findings—filed January 31, 2017—were successive post-

judgment motions. The Clark's Motion to Review, "although not labeled as such,

was a FED. R. CIV. P. 59(e) motion because it sought to substantively alter or

amend the judgment."[9] The district court ruled on that motion on January 20, 2017,

extending the time to appeal the final judgment to February 21, 2017. The Clarks'

Motion To Move the District Court To Make Additional Findings was a FED. R.

CIV. P. 52(b) motion. But "that motion did not extend the time to appeal beyond

the February 21, 2017 deadline because successive post-judgment motions do not

toll the time for appealing an underlying judgment."[10] Accordingly, the Clarks had

to file their notice of appeal by February 21, 2017. They failed to do so, filing their

---

[9] Order and Judgment, Sept. 1, 2017, p. 4.
[10] *Id.* at 5 (citing *Ysais v. Richardson*, 603 F.3d 1175, 1178 (10th Cir. 2010)).

{O0337621}

notice of appeal on March 14, 2017. At that point, any attempt to appeal *the final judgment* was time-barred. But as the panel decision points out, the Notice of Appeal was timely filed if it requested review of either of the post-judgment motions.[11] This Court only had jurisdiction to hear an appeal of those post-judgment motions, however, if the notice of appeal "designate[d] the judgment, order, or part thereof being appealed."[12] It did not, so this Court lacked jurisdiction to review any order.[13]

Conversely, the Sixth Circuit's unpublished decision in *Robbins v. Saturn Corp.*, 532 F. App'x 623 (6th Cir. 2013), held that consecutively filed FED. R. CIV. P. 59(e) motions did toll the time to appeal. The Sixth Circuit's opinion in that case indicated that the court was unable to find any law to the contrary in any jurisdiction, though this Court had already published contrary opinions in both *Ysais v. Richardson*, 603 F.3d 1175 (10th Cir. 2010) and *United States v. Marsh*, 700 F.2d 1322 (10th Cir. 1983). Further, it appears that the Fifth and Eleventh Circuits had also already held that successive post-judgment motions do not toll the time to appeal.[14]

---

[11] *Id.* at 6–8.
[12] *Id.* at 6 (citing Fed. R. App. P. 3(c)(1)(B)).
[13] *Id.* at 8.
[14] *See, e.g.*, *United States v. Rothseiden*, 680 F.2d 96, 98 (11th Cir. 1982); *Dixie Sand & Gravel Co. v. Tennessee Valley Auth.*, 631 F.2d 73, 75 (5th Cir. 1980).

Between *Ysais*, *Marsh*, *Rothseiden*, and *Dixie Sand*, there are multiple published opinions from no less than three circuits that hold that successive post-judgment motions *do not* toll the time to appeal. The panel decision in this case reiterates what has already been established in this circuit and in others. Not only is the *Robbins* opinion unpublished, it has never been cited by any federal court of appeals for any reason. The purported conflict between this Court's established jurisprudence and *Robbins* does not create a question of exceptional importance.

Finally, the Clarks' allegations that the panel misconstrued the federal rules is not a basis for rehearing en banc under either FED. R. APP. P. 35 or the corresponding Tenth Circuit local rule.

WHEREFORE, the City respectfully requests that this Court enter its Order denying the Clarks' Petition for Rehearing En Banc and granting the City such further relief that this Court deems just and equitable.

Respectfully submitted,
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.

/s/ Christopher B. Nelson
Michael K. Seck, #11393
Christopher B. Nelson, #25548
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas  66210
(913) 339-6757 / Fax: (913) 339-6187
mseck@fisherpatterson.com
cnelson@fisherpatterson.com
*Attorneys for Defendant City of Shawnee, KS*

7

## CERTIFICATE OF COMPLIANCE

I hereby certify that all required privacy redactions have been made.

I further certify that any required hard paper copies are exact copies of the ECF filed reply.

I further certify that the ECF submission was scanned for viruses with the most recent version of virus scanning program, Trend Micro Security Agent, version 13.679.00, last updated 9/25/2017, and the digital version of the reply in Portable Document Format is virus free.

/s/ Christopher B. Nelson

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2017, the foregoing document was filed electronically with the Clerk of the United States Court of Appeals for the Tenth Circuit by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail, postage prepaid, to the following:

Jonathan Clark                          Eric S. Clark
6800 Maurer Road                        1430 Dane Ave.
Shawnee, Kansas  66217                  Williamsburg, KS  66095
jrjonclark@gmail.com                    eric@whitestonepublishing.org

*Pro se Plaintiffs*

/s/ Christopher B. Nelson

{O0337621}