# No. 17-3046

## United States Court of Appeals

## for the Tenth Circuit

**ERIC S. CLARK, JONATHAN CLARK**

Plaintiffs-Appellants

v.

**CITY OF SHAWNEE, KANSAS**

Defendant-Appellee

**APPELLANTS' REPLY TO
APPELLEE'S RESPONSE TO
PETITION FOR REHEARING EN BANC**

**ISSUE I)**

Appellee offered no support for its claim that the notice of appeal was filed March 14, 2017. (See Appellate Case: 17-3046, Document 01019876547 ("Appellee's Response") at pp. 5-6. Nonetheless, even a delay in filing Appellants' notice of appeal until March 14, 2017 would have been timely as that falls within 30 days of the order disposing of the "last such remaining motion" (See Dist. Dk. 160 filed February 22, 2017).

1

**ISSUE II)**

Appellee's Response, at pg. 7, states that "[b]etween *Ysais*, *Marsh*, *Rothseiden*, and *Dixie Sand*, there are multiple published opinions from no less than three circuits that hold that successive post-judgment motions do not toll the time to appeal."

To be clear, Appellants do not dispute and have not disputred that **some** "successive post-judgment motions" do ***not*** toll the time to appeal, but the issue is -- if those few cases hold that **there can never be any** "successive post-judgment motions" that toll the time to appeal . . . then those holdings *necessarily misconstrued* the plain unambiguous meaning of Rule 4 which necessarily imparts to ordinary readers that **there can be** "successive post-judgment motions" that tolls the time to appeal ( See Fed. R. App. P. Rule 4 reference to the **last such remaining** motion.

Rather than offering any counter argument to misconstruction of the plain unambiguous meaning of Rule 4, Appellee merely asserted that "misconstru[ing] the federal rules is not a basis for rehearing en banc under either FED. R. APP. P. 35 or the corresponding Tenth Circuit local rule." (See Appellee's Response at pg. 8)

2

That assertion clearly implies that "misconstru[ing] the federal rules" ***cannot be*** an issue of *exceptional importance* even when, as here, the misconstruction involves a matter that is determinative of whether or not the court has jurisdiction to decide the merits of the appeal.

The courts often *sua sponte* address jurisdiction as a matter of duty even when that matter not raised as an issue by any party.

If misconstruing whether or not jurisdiction exists is ***not*** a matter of *exceptional importance*, then any pool of "exceptional importance" issues has surely evaporated.

　　Perhaps at oral argument, if granted by this honorable court, Appellee can provide better support why "misconstru[ing] the federal rules is not a basis for rehearing en banc" or explain why an issue involving the proper determination of the court's own jurisdiction is not a matter of *exceptional importance.*

　　As a closing note, the Judiciary Act of 1891, sometimes appropriately referred to as the Circuit Courts of Appeals Act created nine new courts for the obvious purpose of reducing the workload on appellate courts including the Supreme Court -- the result was an immediate reduction in the Supreme Court's workload from 623 cases filed in 1890

to 379 in 1891 and only 275 in 1892. With fulfilling that purpose in mind, it is clear that the criteria level (regardless of the terminology used) for circuit courts to evaluate when to rehear a case en banc should not fall below the criteria level which the Supreme Court uses to grant certiorari and; there can be little dispute that the Supreme Court has found with some frequency that misconstructions of "jurisdictional" rules of procedure fall within those cases it has found meet its own criteria for granting certiorari.

Respectfully submitted to the Court of Appeals *en banc*

for the Tenth Circuit.

Eric S. Clark, 1430 Dane Ave, Williamsburg, Kansas [66095] 785-214-8904

Jonathan Clark, 6800 Maurer Road, Shawnee, Kansas [66217] 913-951-6425

4

## CERTIFICATE OF SERVICE

Appellants hereby certify that service was made by mailing true and correct copies of the foregoing

APPELLANTS' REPLY TO APPELLEE'S RESPONSE TO PETITION FOR REHEARING EN BANC

by deposit in the United States Mail, Postage prepaid, on September 26, 2017 addressed to:

Michael K. Seck,
    Christopher B. Nelson,
     FISHER, PATTERSON, SAYLER & SMITH, LLP
     51 Corporate Woods, Suite 300
    9393 West 110th Street
    Overland Park, Kansas 66210

and to:
    Ellis Rainy
    13851 West 63rd Street, #161
    Shawnee, Kansas 66216

and to:
    Karen Torline
    Assistant City Attorney
    City of Shawnee, Kansas
    5860 Renner Road
    Shawnee, Kansas 66217

Eric S. Clark, 1430 Dane Ave, Williamsburg, Kansas [66095] 785-214-8904

*[signature]*

Jonathan Clark, 6800 Maurer Road, Shawnee, Kansas [66217] 913-951-6425

*[signature]*

RMLY TO SEAL



$ 006.65
0004719197  SEP 26 2017
MAILED FROM ZIP CODE 66095

FROM:

Eric S. Clark
1430 Dane Ave
Williamsburg, Kansas 66095

TO:

Clerk, The United States Court of Appeals
                    for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

US AT USPS.COM®
FREE SUPPLIES ONLINE



UNITED STATES
POSTAL SERVICE®